UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JEREMIAH DAVIS, | Case No. 2:17-CV-1161 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| NATIONWIDE AFFINITY INSURANCE COMPANY OF AMERICA, | |
| Defendant(s). | |

Presently before the court is plaintiff Jeremiah Davis's motion to remand to state court. (ECF No. 8). Defendant Nationwide Affinity Insurance Company of America filed a statement regarding removal. (ECF No. 9). Defendant also filed an opposition to plaintiff's motion to remand (ECF No. 10), to which plaintiff replied (ECF No. 11).

I.  **Facts**

This is a breach of insurance contract action. (ECF No. 1 at 9–10). Plaintiff alleges that "[d]efendant was obligated to indemnify [p]laintiff for any harm caused to [p]laintiff for which coverage might reasonably be provided under the [p]olicy." (*Id.* at 10). Plaintiff further alleges that defendant breached this duty when it refused to indemnify plaintiff after an uninsured motorist crashed into the rear of his rental car while stopped at a traffic light. (*Id.*).

Plaintiff originally filed the complaint in state court on March 17, 2017. (ECF No. 1 at 9). The complaint alleges three causes of action: (1) breach of contract, (2) bad faith, and (3) unfair settlement practices. (*Id.* at 9–16). Plaintiff pleads actual damages—which encompass medical payments coverage, uninsured motorists' coverage, and emotional distress—totaling exactly

**James C. Mahan**
**U.S. District Judge**

$75,000. (*Id.* at 16). Plaintiff also requests punitive damages and "such further relief as the court deems just" in its prayer for relief. (*Id.* at 16).

Defendant removed the action to federal court on April 26, 2017, pursuant to 28 U.S.C. § 1332. (*See id.*).

In the instant motion, plaintiff moves to remand the action to state court. (ECF No. 8).

## II. Legal Standard

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

For a United States district court to have diversity jurisdiction under 28 U.S.C. § 1332, the parties must be completely diverse and the amount in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1098 (9th Cir. 2003). A removing defendant has the burden to prove by a preponderance of the evidence that the jurisdictional amount is met. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996). "Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount." *Bell v. Preferred Life Assur. Soc. of Montgomery, Ala.*, 320 U.S. 238, 240 (1943); *see also Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action").

Procedurally, a defendant has thirty (30) days upon notice of removability to remove a case to federal court. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006) (citing 28 U.S.C. § 1446(b)(2)). Defendants are not charged with notice of removability "until they've received a paper that gives them enough information to remove." *Id.* at 1251.

A plaintiff may challenge removal by timely filing a motion to remand. 28 U.S.C. § 1447(c). Remand to state court is proper if the district court lacks jurisdiction. *Id.* On a motion to remand, the removing defendant faces a strong presumption against removal, and bears the

**James C. Mahan**
**U.S. District Judge**

- 2 -

burden of establishing that removal is proper. *Sanchez* 102 F.3d at 403–04; *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992).

**III.    Discussion**

In its statement of removal, defendant argues that it has properly removed the case to federal court, that complete diversity exists between the parties, and that the amount-in-controversy exceeds $75,000, exclusive of interest and costs. (ECF No. 1).

Plaintiff does not dispute that, procedurally, the case has been properly removed. (*See* ECF Nos. 8, 11). Further, neither party argues that complete diversity is not met. (*See* ECF Nos. 8, 9, 10, 11). Instead, plaintiff's argument is that the amount-in-controversy is exactly $75,000 and, as a result, the case must be remanded to state court. (ECF No. 8). The court disagrees.

Here, the complaint "filed in state court alleges on its face an amount in controversy sufficient to meet the federal jurisdictional threshold." *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). The court finds that the instant action, which concerns defendant's alleged breach of insurance contract and bad faith, falls squarely within the purview of the Nevada Revised Statute authorizing punitive damages. Nev. Rev. Stat. § 42.005(2)(b). Moreover, plaintiff's complaint specifically requests punitive damage be imposed. (ECF No. 1 at 16). Consequently, punitive damages must be included in the total amount-in-controversy. *Bell*, 320 U.S. at 240.

The allegation of actual damages in the amount of $75,000 on the face of the complaint coupled with the request for punitive damages presumptively satisfies the amount-in-controversy requirement of 28 U.S.C. § 1332. *See id.* Having pleaded exactly $75,000 in actual damages, the amount-in-controversy requirement is satisfied because plaintiff has pleaded punitive damages in *some* amount. Further, it does not appear "to a 'legal certainty' that the plaintiff cannot actually recover that amount." *Id.* Defendant has met its burden of showing, by a preponderance of the evidence, that removal is proper. *See Sanchez*, 102 F.3d at 403–04. As a result, plaintiff's motion to remand is denied.

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 3 -

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion to remand to state court (ECF No. 8) be, and the same hereby is, DENIED.

DATED August 15, 2017.

_____
UNITED STATES DISTRICT JUDGE